**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH J. SCHMIER,

          Plaintiff - Appellant,

  v.

JUSTICES OF THE CALIFORNIA
SUPREME COURT; MEMBERS OF
THE JUDICIAL COUNCIL OF
CALIFORNIA; SCOTT DREXEL, in his
capacity as Chief Trial Counsel for the
State Bar of California; KENNETH
SCHWARTZ, in his capacity as Traffic
Judge, Dept. C54, Superior Court of
California, County of Orange,

          Defendants - Appellees.

No. 09-17195

D.C. No. 3:09-cv-02740-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted December 10, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and N.R. SMITH, Circuit Judges, and PRO, District Judge.[***]

Attorney Kenneth J. Schmier ("Schmier") appeals the dismissal of his federal court action seeking to enjoin enforcement of Rule 8.1115(a) of the California Rules of Court, which prohibits the citation as legal authority of any opinion not certified for publication, with some exceptions not at issue here. We affirm the district court's holding that Schmier's suit is barred by *res judicata*.

Pursuant to Rule 8.1115(a), Schmier was unable to cite several unpublished California decisions that, if precedential, he claims would exonerate certain of his clients facing criminal charges for traffic offenses. Schmier now challenges Rule 8.1115(a) as a content-based prior restraint in violation of the First and Fourteenth Amendments of the U.S. Constitution, as well as Article VI, § 6(d) of the California Constitution.

Schmier's current claim is identical to one involving the same parties previously argued to, and decided on the merits by, the California courts. *See Kenneth J. Schmier v. Supreme Court of Cal.*, 2003 WL 22954266 (Cal. App. Dec. 16, 2003), *review denied* (2004), *cert. denied*, 543 U.S. 818 (2004); *cf. Michael Schmier v. Supreme Court of Cal.*, 93 Cal. Rptr. 2d 580 (App. 2000), *reh'g denied* (2000), *review*

---

[***] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

*denied* (2000), *cert. denied*, 531 U.S. 958 (2000) (raising the same First Amendment challenge to Cal. R. Ct. 976-979 (now revised and renumbered as Cal. R. Ct. 8.1105-1125) among other constitutional arguments against the same defendants, but on behalf of his brother as named plaintiff). California *res judicata* law therefore forecloses relitigation of this action in a second suit. *See Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896-97 (2002); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007) ("To determine the preclusive effect of a state court judgment, we look to state law."). In adjudicating Schmier's previous claim, the California Court of Appeal distinguished Rule 8.1115(a) from the funding provision at issue in *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533 (2001), which was struck down as unconstitutional viewpoint-based discrimination because it precluded recipient lawyers from making certain arguments in court, and squarely held that Rule 8.1115(a) does not offend an attorney's "extremely circumscribed" First Amendment right to free speech during a judicial proceeding. *See Kenneth J. Schmier*, 2003 WL 22954266, at *2-3 (quoting *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1071 (1991)).

Schmier fails to produce evidence of any material change in circumstances that might warrant setting *res judicata* aside, *see Pac. Tel. & Tel. Co. v. City and Cnty. of S.F.*, 17 Cal. Rptr. 687, 701 (App. 1961), nor are we convinced that this case falls within the "extremely narrow" public interest exception to *res judicata* contemplated

3

by California law, *see Arcadia Unified Sch. Dist. v. State Dep't of Educ.*, 2 Cal. 4th 251, 259 (1992)—an argument which we need not consider, in any event, because Schmier raises it for the first time on appeal, *see Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).

**AFFIRMED.**